1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONYA MURPHY and SAMUEL                    No.  2:15-cv-00725-KJM-GGH
     SMITH,
12
                  Plaintiffs,
13                                              ORDER

            v.
14
     JP MORGAN CHASE; VANZETTI
15   PROPERTY; NATIONAL DEFAULT
     SERVICING LP,
16
                  Defendants.
17

18

19          On April 6, 2015, plaintiffs Tonya Murphy[1] and Samuel Smith, appearing without

20   counsel, filed a motion for a preliminary injunction.  ECF No. 10.  Their motion also requests a

21   temporary restraining order (TRO).  *See id.* at 1, 8.  The analysis applicable to TROs and

22   preliminary injunctions is "substantially identical."  *Stuhlbarg Int'l. Sales Co. v. John D. Brush &*

23   *Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Because the plaintiffs' motion does not meet the

24   applicable standard, it is denied without prejudice.

25          First, the Local Rules of the Eastern District of California impose certain

26   requirements on litigants who seek TROs:

27   _____

28   [1] Elsewhere plaintiffs refer to Ms. Murphy as Tonya Smith-Murphy.  *Compare, e.g.*, First Am.
     Compl. 1, ECF No. 9 *with* Mot. Prelim. Inj. 1, ECF No. 10.

                                              1

No hearing on a temporary restraining order will normally be set unless the following documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel:

(1) a complaint;

(2) a motion for temporary restraining order;

(3) a brief on all relevant legal issues presented by the motion;

(4) an affidavit in support of the existence of an irreparable injury;

(5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, . . . ;

(6) a proposed temporary restraining order with a provision for a bond . . . ;

(7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance . . . ; and

(8) in all instances in which a temporary restraining order is requested ex parte, the proposed order shall further notify the affected party of the right to apply to the Court for modification or dissolution on two (2) days' notice or such shorter notice as the Court may allow.

E.D. Cal. L.R. 231(c).  The plaintiffs' motion omits several of these documents. *Pro se* litigants are held to the same standard as those represented by a lawyer.  *See* E.D. Cal. L.R. 183(a).  Nevertheless, by long tradition, federal courts may afford unrepresented litigants leniency in their filings.  *Cf., e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Fajeriak v. McGinnis*, 493 F.2d 468, 470 (9th Cir. 1974); *Forte v. Cnty. of Merced*, No. 11-00318, 2014 WL 4745923, at *10 (E.D. Cal. Sept. 23, 2014).  The court therefore considers the merits of plaintiffs' motion, but cautions that any future motions must comply with the Local Rules.

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  Fed. R. Civ. P. 65(b)(1)(A).  The purpose of such an order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer."  *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).  In

2

determining whether to issue a temporary restraining order, a court applies the factors that guide

the evaluation of a request for preliminary injunctive relief, *see Stuhlbarg*, 240 F.3d at 839 n.7:

whether the moving party (1) "is likely to succeed on the merits," (2) "likely to suffer irreparable

harm in the absence of preliminary relief," (3) "the balance of equities tips in [its] favor," and (4)

"an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20

(2008).

Here, the plaintiffs argue the defendants' liability stems from the wrongful

foreclosure sale of real property located at 929 Bess Place in Stockton, California. *See* Mot. 2–3,

5–6. They have attached documents to show a trustee's sale is complete and the purchasers

intend to take possession of the property. *Id.* Exs. 3, 5. They allege the defendants have

"attempt[ed] to take property that is not legal[ly] theirs," and they seek to halt other lawsuits. *Id.*

at 8.

The court admits its difficulty understanding the plaintiffs' legal arguments. The

plaintiffs' motion and supporting documents do not clearly describe their claims or show their

likely success. The motion for a temporary restraining order and preliminary injunction is

DENIED without prejudice. This order resolves ECF No. 10.

IT IS SO ORDERED.

DATED: April 8, 2015.

_____
UNITED STATES DISTRICT JUDGE

3