1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  TONYA MURPHY and SAMUEL            No.  2:15-cv-0725 KJM GGH PS
    SMITH,
12
            Plaintiffs,
13                                     ORDER AND FINDINGS AND
        v.                             RECOMMENDATIONS
14
    JP MORGAN CHASE, et al.,
15
            Defendants.
16

17

18          Plaintiffs are proceeding in this action pro se.  Plaintiff Murphy has requested leave to

19  proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this

    court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).
20
            Plaintiff Murphy has submitted an affidavit making the showing required by 28 U.S.C. §
21
    1915(a)(1).  Accordingly, her request to proceed in forma pauperis will be granted.  Plaintiff
22
    Smith has neither submitted an application to proceed in forma pauperis, nor has he paid the filing
23
    fee.[1]  Nevertheless, the amended complaint will be screened.
24
    I.  Screening of the Complaint
25
            The determination that plaintiff may proceed in forma pauperis does not complete the
26

27  _____

    [1]  See Darden v. Indymac Bancorp, Inc., 2009 WL 5206637 at *1 (E.D.Cal. Dec.23, 2009)
28  ("Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma
    pauperis unless all of them demonstrate inability to pay the filing fee.")

1  required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

2  any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

3  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

4  an immune defendant.

5      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

6  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

7  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

8  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

9  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

10  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

11  Cir. 1989); Franklin, 745 F.2d at 1227.

12      A complaint must contain more than a "formulaic recitation of the elements of a cause of

13  action;" it must contain factual allegations sufficient to "raise a right to relief above the

14  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

15  "The pleading must contain something more...than...a statement of facts that merely creates a

16  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

17  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

18  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

19  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

20  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

21  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

22  Id.

23      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92

24  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).

25  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff

26  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.

27  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

28  / / /

1    This action was commenced in the Northern District of California on January 28, 2015,

2    and transferred to this court on April 1, 2015.  Before this court had an opportunity to screen the

3    complaint, plaintiffs filed an amended complaint.

4    Plaintiffs are informed that the court cannot refer to a prior pleading in order to make

5    plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended complaint be

6    complete in itself without reference to any prior pleading.  This is because, as a general rule, an

7    amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th

8    Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any

9    function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim

10   and the involvement of each defendant must be sufficiently alleged.  With these principles in

11   mind, the amended complaint has been screened.

12   The amended complaint contains claims under the Fair Debt Collection Practices Act, 15

13   U.S.C. § 1692d ("FDCPA"), Cal. Bus. & Prof. Code § 17200 (for unfair business practices), 18

14   U.S.C. § 1028(A)(5) (forgery), and § 641 (grand larceny).  The amended complaint is difficult to

15   decipher, however, plaintiffs assert that defendants have harassed, intimidated and threatened

16   them with the threatened foreclosure of their property located at 929 Bess Place, Stockton,

17   California, causing plaintiff Murphy "undue physical and mental strain."  (ECF No. 9 at 2.)

18   Plaintiffs refer to attached exhibits; however, the amended complaint contains no exhibits.[2]

19   It appears from court documents that the foreclosure of the real property at issue has

20   already taken place.  A trustee's sale appears to be complete and the purchasers intend to take

21   possession of the property.  See Mot. for Prel. Inj., ECF No. 10 at 21-21, 27-28.  The motion for

22
23   [2]  In reviewing the exhibits to the original complaint, it has come to the court's attention that
plaintiffs previously filed a lawsuit in this court for TILA violations, as well as fraud and unfair
24   and deceptive practices under 15 U.S.C. § 45 pertaining to the same property, on January 3, 2011.
(Murphy v. JP Morgan Chase Bank, 2:11-cv-0017 KJM CKD.)  That action was dismissed, and
25   the Ninth Circuit Court of Appeals affirmed the judgment on May 8, 2012.  (Id., ECF No. 33, 34.)
Therefore, it is possible that this action is barred by res judicata.  Res judicata, or claim
26   preclusion, prohibits lawsuits on "any claims that were raised or could have been raised" in a
prior action.  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir.2001)
27   (quoting W. Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir.1997)).  The only
factual difference between the cases is that the foreclosure took place after the first action was
28   concluded.  See Mot. for Prelim. Inj.; ECF No. 10 at 20-21, 27-28.

1   injunctive relief was denied by order of April 9, 2015.  (ECF No. 15.)  Plaintiffs seek damages.

2   II.  FDCPA

3         The amended complaint alleges a FDCPA violation under 15 U.S.C. § 1692.

4         In 1977 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to

5   national concern over "the use of abusive, deceptive and unfair debt collection practices by many

6   debt collectors."  15 U.S.C. § 1692(a).  The purpose of the FDCPA is "to protect consumers from

7   a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary

8   restrictions on ethical debt collectors."  S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, reprinted in

9   1977 U.S. Code Cong & Ad. News 1695, 1696.

10           The FDCPA defines debt as "any obligation or alleged obligation of
    a consumer to pay money arising out of a transaction in which the

11   money, property, insurance, or services which are the subject of the
    transaction are primarily for personal, family, or household

12   purposes ..." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys. Inc.,
    972 F.2d 1067, 1068-69 (9th Cir.1992) (explaining that the FDCPA

13   applies to debts incurred for personal rather than commercial
    reasons). The Act defines "consumer" as "any natural person

14   obligated ... to pay any debt." Id. § 1692a(3). The Act does not
    define "transaction," but the consensus judicial interpretation is

15   reflected in the Seventh Circuit's ruling that the statute is limited in
    its reach "to those obligations to pay arising from consensual

16   transactions, where parties negotiate or contract for consumer-
    related goods or services." Bass v. Stolper, Koritzinsky, Brewster &

17   Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997) (citing Shorts v.
    Palmer, 155 F.R.D. 172, 175-76 (S.D.Ohio 1994).

18

19   Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004).

20         Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of

21   interstate commerce or the mails in any business the principal purpose of which is the collection

22   of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or

23   due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(6).  Excepted is "any person

24   collecting or attempting to collect any debt owed or due or asserted to be owed or due another to

25   the extent such activity ... (iii) concerns a debt which was not in default at the time it was

26   obtained by such person ...."  15 U.S.C.A. § 1692a(6)(F).

27         "[A] debt collector does not include the consumer's creditors, a mortgage servicing

28   company, or an assignee of a debt, as long as the debt was not in default at the time it was

assigned." <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985), <u>mod. on other grounds</u>, 761 F.2d 237 (5th Cir. 1985).  Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA.  <u>Hulse v. Ocwen Federal Bank, FSB</u>, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  <u>See</u> <u>also</u> <u>Jelsing v. MIT Lending</u>, 2010 WL 2731470, at *5 (S.D.Cal. July 9, 2010) (holding that sending a Notice of Trustee's Sale is not actionable under the FDCPA where a plaintiff does not allege that the sender was a "debt collector" and also because "foreclosing on [a] property pursuant to a deed of trust is not the collection of a "debt" within the meaning of the FDCPA.") (citing cases); <u>Hepler v. Washington Mut. Bank, F.A.</u>, 2009 WL 1045470, at *4–5 (C.D.Cal. April 17, 2009) ("[T]he law is well-settled ... that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.").  In general, a mortgage servicing company foreclosing on a property is not acting as a debt collector within the meaning of the FDCPA.  <u>Izenberg v. ETS Servs.</u>, 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008); <u>Walker v. Equity 1 Lenders Group</u>, 2009 WL 1364430, at *7 (S.D.Cal. May 14, 2009).

There is authority contrary to <u>Hulse</u>; <u>see</u> e.g., <u>Wilson v. Draper & Goldberg</u>, 443 F.3d 373, 376 (4th Cir. 2006).  In <u>Wilson</u>, the Fourth Circuit refused to follow <u>Hulse</u> reasoning that a "debt" remained a "debt" even after foreclosure.  <u>Id.</u>  While that may be true in the jurisdiction pertinent to the <u>Wilson</u> case, it is not true in California.  With exceptions not applicable here, a lender/trustee may *not* seek a deficiency judgment when foreclosing on a property in a non-judicial trustee foreclosure/sale.  Cal. Code Civ. P. §§ 580d, 726.  Thus, in California, a debt derived from the residential loan transaction does not exist after a non-judicial foreclosure.  The court therefore finds <u>Hulse</u> persuasive in its analysis when dealing with California foreclosures.

Based on <u>Hulse</u> and other authority cited above, plaintiffs' claim under the FDCPA must be dismissed without leave to amend.

III.  <u>Forgery, Grand Larceny</u>

Plaintiffs have no standing to pursue alleged violations of 18 U.S.C. §§ 1028, 641.  Criminal statutes do not provide a private right of action. <u>See</u>, e.g., <u>Ellis v. City of San Diego</u>, 176 F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the

California Penal Code because the statutes do not create enforceable individual rights). It is also well established that private actions are maintainable under federal criminal statutes in only very limited circumstances. Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975); Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971), citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193 F. 986 (9th Cir.1912). See also Lassetter v. Brand, 2011 WL 4712188, *2 (W.D. Wash. Oct. 4, 2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form basis for civil suit); Chilkat Indian Village v. Johnson, 870 F.2d 1469, 1472 (9th Cir.1989) (no private right of action for embezzlement and theft from Indian Tribal equivalent to § 641); Retanan v. California Dept. of Correction & Rehabilitation, 2012 WL 1833888, * 5 (E.D. Cal. May 18, 2012) (18 U.S.C. § 641 provides no private right of action). Therefore, plaintiffs may not pursue such claims under these federal criminal statutes.

IV.  State Law Claim

As there are no federal claims remaining, this court declines to exercise supplemental jurisdiction over plaintiffs' possible state law claim. See 28 U.S.C. § 1367(c)(3) (The district courts may decline to exercise supplemental jurisdiction over a claim ... if—the district court has dismissed all claims over which it has original jurisdiction"); see also, Acri v. Varian Associates, Inc., 114 F.3d 999, 1000–1001 (9th Cir.1997) (" 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims' "), quoting Carnegie–Mellon University. v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 619, n. 7, 98 L.Ed.2d 720 (1988).

V.  Other Filings

Plaintiffs have filed a "notice of removal." Although difficult to decipher, it appears that plaintiffs seek to remove a state court unlawful detainer action in which they are the defendants, to this court. If this is the case, plaintiffs are informed that a notice of removal must be filed in the state court action in which they are the defendants, not in this court. See 28 U.S.C. § 1441.

More importantly, this court has no jurisdiction over unlawful detainer actions, which are strictly within the province of the state court. Removal of a state court action is proper only if it

6

originally could have been filed in federal court.  28 U.S.C. § 1441.  "[F]ederal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).  Mere reference to federal law is insufficient to permit removal.  See Smith v. Industrial Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction").  Also, defenses and counterclaims cannot provide a sufficient basis to remove an action to federal court.  See Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821–22 (9th Cir.1985); FIA Card Servs. v. McComas, 2010 WL 4974113 (S.D. Cal. Dec. 2, 2010) (remanding action removed by defendant on the basis that defendant's counterclaim raised a federal question).

Even if plaintiffs filed a notice of removal in their state court unlawful detainer action and removed it to this court, it would be remanded immediately to state court.  Therefore, plaintiffs' notice of removal, (ECF No. 11), will be disregarded.

Because plaintiffs have not properly removed the state court unlawful detainer action to this court, their motion to dismiss the unlawful detainer action (ECF No. 16) is denied.

VI.  Conclusion

Accordingly, IT IS ORDERED that:

1.  Plaintiff Murphy's request for leave to proceed in forma pauperis is granted;

2.  Plaintiffs' notice of removal, filed April 6, 2015 (ECF No. 11), is disregarded; and

3.  Plaintiffs' motion to dismiss, filed April 10, 2015 (ECF No. 16), is denied.  This matter is vacated from the hearing calendar for May 6, 2015.

IT IS HEREBY RECOMMENDED that: the complaint be dismissed without leave to amend, for the reasons discussed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days

1 | after being served with these findings and recommendations, any party may file written

2 | objections with the court and serve a copy on all parties.  Such a document should be captioned

3 | "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

4 | shall be served and filed within ten days after service of the objections.  The parties are advised

5 | that failure to file objections within the specified time may waive the right to appeal the District

6 | Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7 | Dated: April 20, 2015

8 | <u>/s/ Gregory G. Hollows</u>

9 | UNITED STATES MAGISTRATE JUDGE

11 | GGH:076/Murphy0725.FDCPA