1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONYA MURPHY and SAMUEL            No.  2:15-cv-0725 KJM GGH PS
     SMITH,
12
                    Plaintiffs,
13                                      ORDER
            v.
14
     JP MORGAN CHASE, et al.,
15
                    Defendants.
16

17         Plaintiffs are proceeding in this action pro se.  Plaintiff Murphy has been granted leave to

18   proceed in forma pauperis.  Plaintiff Smith has now filed an application to proceed in forma

19   pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule

20   302(21), pursuant to 28 U.S.C. § 636(b)(1).

21         Plaintiff Smith has submitted an affidavit making the showing required by 28 U.S.C. §

22   1915(a)(1).  Accordingly, his request to proceed in forma pauperis will be granted.

23   I.  Objections to Findings and Recommendations

24         After this court issued its order and findings and recommendations, screening plaintiffs'

25   first amended complaint and recommending that the federal claims be dismissed without leave to

26   amend, and additionally that the supplemental state claims be dismissed, plaintiffs filed

27   objections, alleging that their first amended complaint was filed "as an emergency," and stating

28   that they would like to amend to allege diversity rather than federal question jurisdiction,

1

1  presumably so that they can proceed with their state law claims.  Plaintiffs will be permitted one

2  more opportunity to amend to attempt to allege state law claims only.  Therefore, only the

3  findings and recommendations portion of the opinion filed April 20, 2015 will be vacated.  The

4  order portion of that opinion will remain intact.  Much of that findings and recommendations will

5  be repeated here, as the federal claims must be dismissed without leave to amend.

6  II.  Screening of the Amended Complaint

7          The determination that plaintiff may proceed in forma pauperis does not complete the

8  required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at

9  any time if it determines the allegation of poverty is untrue, or if the action is frivolous or

10  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against

11  an immune defendant.

12          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

14  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19          A complaint must contain more than a "formulaic recitation of the elements of a cause of

20  action;" it must contain factual allegations sufficient to "raise a right to relief above the

21  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

22  "The pleading must contain something more...than...a statement of facts that merely creates a

23  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

24  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

25  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

26  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

27  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

28  / / /

2

1  the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
2  Id.

3      Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
4  S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
5  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
6  proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
7  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

8      This action was commenced in the Northern District of California on January 28, 2015,
9  and transferred to this court on April 1, 2015.  Before this court had an opportunity to screen the
10  complaint, plaintiffs filed an amended complaint.

11      Plaintiffs are informed that the court cannot refer to a prior pleading in order to make
12  plaintiffs' amended complaint complete.  Local Rule 220 requires that an amended complaint be
13  complete in itself without reference to any prior pleading.  This is because, as a general rule, an
14  amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th
15  Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any
16  function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim
17  and the involvement of each defendant must be sufficiently alleged.  With these principles in
18  mind, the amended complaint has been screened.

19      The amended complaint contains claims under the Fair Debt Collection Practices Act, 15
20  U.S.C. § 1692d ("FDCPA"), Cal. Bus. & Prof. Code § 17200 (for unfair business practices), 18
21  U.S.C. § 1028(A)(5) (forgery), and § 641 (grand larceny).  The amended complaint is difficult to
22  decipher, however, plaintiffs assert that defendants have harassed, intimidated and threatened
23  them with the foreclosure of their property located at 929 Bess Place, Stockton, California,
24  causing plaintiff Murphy "undue physical and mental strain."  (ECF No. 9 at 2.)  Plaintiffs refer
25  to attached exhibits; however, the amended complaint contains no exhibits.[1]

26  _____

27  [1]  In reviewing the exhibits to the original complaint, it has come to the court's attention that
plaintiffs previously filed a lawsuit in this court for TILA violations, as well as fraud and unfair
and deceptive practices under 15 U.S.C. § 45 pertaining to the same property, on January 3, 2011.
28  (Murphy v. JP Morgan Chase Bank, 2:11-cv-0017 KJM CKD.)  That action was dismissed, and

It appears from court documents that the foreclosure of the real property at issue has already taken place.  A trustee's sale appears to be complete and the purchasers intend to take possession of the property.  See Mot. for Prel. Inj., ECF No. 10 at 21-21, 27-28.  The motion for injunctive relief was denied by order of April 9, 2015.  (ECF No. 15.)  Plaintiffs seek damages.

III.  FDCPA

The amended complaint alleges a FDCPA violation under 15 U.S. C. § 1692.

In 1977 Congress enacted the Fair Debt Collection Practices Act (FDCPA) in response to national concern over "the use of abusive, deceptive and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors."  S. Rep. No. 382, 95th Cong., 1st Sess. 1-2, reprinted in 1977 U.S. Code Cong & Ad. News 1695, 1696.

> The FDCPA defines debt as "any obligation or alleged obligation of a consumer to pay m oney arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction  are prim arily  for pe rsonal,  family, or household purposes ..." 15 U.S.C. § 1692a(5); see also Bloom v. I.C. Sys. Inc., 972 F.2d 1067, 1068-69 (9th Cir.1992) (explaining that the FDCPA applies  to debts incurred for pe    rsonal  rather than comm  ercial reasons).  The Act defines "consum    er"  as "any natural person obligated ... to pay any debt."  Id. § 1692a(3). The Act does not define "transaction," but the cons  ensus judicial interpretation is reflected in the Seventh Circuit's ruling that the statute is limited in its  reach "to those obligations to     pay arising from    consensual transactions,  where parties n  egotiate  or con tract  for con sumer-related goods or services." Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir.1997) (citing S  horts v. Palmer, 155 F.R.D. 172, 175-76 (S.D.Ohio 1994).

Turner v. Cook, 362 F.3d 1219, 1227 (9th Cir. 2004).

Under the FDCPA, a "debt collector" "means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C.A. § 1692a(6).  Excepted is "any person

---

the Ninth Circuit Court of Appeals affirmed the judgment on May 8, 2012.  (Id., ECF No. 33, 34.)

collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (iii) concerns a debt which was not in default at the time it was obtained by such person ...."  15 U.S.C.A. § 1692a(6)(F).

"[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), mod. on other grounds, 761 F.2d 237 (5th Cir. 1985).  Foreclosure on a property based on a deed of trust does not constitute collection of a debt within the meaning of the FDCPA.  Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  See also Jelsing v. MIT Lending, 2010 WL 2731470, at *5 (S.D.Cal. July 9, 2010) (holding that sending a Notice of Trustee's Sale is not actionable under the FDCPA where a plaintiff does not allege that the sender was a "debt collector" and also because "foreclosing on [a] property pursuant to a deed of trust is not the collection of a "debt" within the meaning of the FDCPA.") (citing cases); Hepler v. Washington Mut. Bank, F.A., 2009 WL 1045470, at *4–5 (C.D.Cal. April 17, 2009) ("[T]he law is well-settled ... that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA.").  In general, a mortgage servicing company foreclosing on a property is not acting as a debt collector within the meaning of the FDCPA.  Izenberg v. ETS Servs., 589 F.Supp.2d 1193, 1199 (C.D.Cal.2008); Walker v. Equity 1 Lenders Group, 2009 WL 1364430, at *7 (S.D.Cal. May 14, 2009).

There is authority contrary to Hulse; see e.g., Wilson v. Draper & Goldberg, 443 F.3d 373, 376 (4th Cir. 2006).  In Wilson, the Fourth Circuit refused to follow Hulse reasoning that a "debt" remained a "debt" even after foreclosure.  Id.  While that may be true in the jurisdiction pertinent to the Wilson case, it is not true in California.  With exceptions not applicable here, a lender/trustee may *not* seek a deficiency judgment when foreclosing on a property in a non-judicial trustee foreclosure/sale.  Cal. Code Civ. P. §§ 580d, 726.  Thus, in California, a debt derived from the residential loan transaction does not exist after a non-judicial foreclosure.  The court therefore finds Hulse persuasive in its analysis when dealing with California foreclosures.

/ / /

5

1    Based on Hulse and other authority cited above, plaintiffs' claim under the FDCPA must

2    be dismissed without leave to amend.

3    IV.  Forgery, Grand Larceny

4    Plaintiffs have no standing to pursue alleged violations of 18 U.S.C. §§ 1028, 641.

5    Criminal statutes do not provide a private right of action. See, e.g., Ellis v. City of San Diego, 176

6    F.3d 1183, 1189 (9th Cir.1999) (district court properly dismissed claims brought under the

7    California Penal Code because the statutes do not create enforceable individual rights).  It is also

8    well established that private actions are maintainable under federal criminal statutes in only very

9    limited circumstances.  Cort v. Ash, 422 U.S. 66, 79, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975);

10   Bass Angler Sportsman Soc. v. United States Steel Corp., 324 F.Supp. 412, 415 (S.D.Ala.1971),

11   citing United States v. Claflin, 97 U.S. 546, 24 L.Ed. 1082 (1878); United States v. Jourden, 193

12   F. 986 (9th Cir.1912).  See also Lassetter v. Brand, 2011 WL 4712188, *2 (W.D. Wash. Oct. 4,

13   2011) (holding that 18 U.S.C. § 1028 provides no private right of action and cannot form basis for

14   civil suit); Chilkat Indian Village v. Johnson, 870 F.2d 1469, 1472 (9th Cir.1989) (no private

15   right of action for embezzlement and theft from Indian Tribal equivalent to § 641); Retanan v.

16   California Dept. of Correction & Rehabilitation, 2012 WL 1833888, * 5 (E.D. Cal. May 18,

17   2012) (18 U.S.C. § 641 provides no private right of action).  Therefore, plaintiffs may not pursue

18   such claims under these federal criminal statutes which will be dismissed without leave to amend.

19   V.  Second Amended Complaint

20   Because the court recommends that all federal claims be dismissed, it no longer has

21   federal question jurisdiction, but will permit plaintiffs to amend to allege diversity jurisdiction

22   and to raise the state law claim under Cal. Bus. & Prof. Code § 17200 for unfair business

23   practices only.[2]

24   For diversity jurisdiction pursuant to 28 U.S.C. § 1332, each plaintiff's state citizenship

25   must be diverse from each defendant,[3] and the amount in controversy must exceed $75,000.  For

26   _____

27   [2]  Courts may properly deny leave to amend where a plaintiff is using Rule 15 to make the
     complaint "a moving target" in order to salvage a case by adding new claims.  Minter v. Prime
     Equipment Co., 451 F.3d 1196, 1206 (10th Cir. 2006).

28   [3]  A federal court's authority to hear cases in diversity is established by 28 U.S.C. § 1332.  "The

1    diversity purposes, a corporation is deemed to be a citizen of every state by which it has been

2    incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c).

3    Plaintiff must allege, in the pleadings, the facts essential to show proper and complete diversity

4    jurisdiction in order to maintain standing in federal district court. See Fifty Associates v.

5    Prudential Ins. Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) (citing McNutt v. General

6    Motors Acceptance Corp. Of Indiana, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1935).

7            First, plaintiffs must allege a specific state of which defendants are a citizen.  Without this

8    information, the undersigned cannot determine whether defendants are, in fact, diverse to

9    plaintiff.  Second, given that two of the defendants are corporations, plaintiff must allege both the

10   state(s) of each defendant's incorporation and where it has its principal place of business.  See

11   Harris v. Rand, 682 F.3d 846, 850 (9th Cir.2012) (emphasis added), 28 U.S.C. § 1332(c)(1) (a

12   corporation shall be deemed to be a citizen of every state by which it has been incorporated and

13   of the state where it has its principal place of business), Fifty Associates, 446 F.2d at 1190 (facts

14   must be alleged from which it may be determined of which state, or states, the corporation is

15   deemed to be a citizen).  In regard to the limited partnership, its citizenship can be determined

16   only by reference to the citizenship of each of its members.  Kuntz v. Lamar Corp., 385 F.3d

17   1177, 1182 (9th Cir.2004) (citing Carden v. Arkoma Assoc., 494 U.S. 185, 195, 110 S.Ct. 1015,

18   108 L.Ed.2d 157 (1990)).  Limited liability companies are also governed by this citizenship rule.

19   Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir.2006); see also Solberg

20   v. NDEx West, L.L.C, 2011 WL 1295940 (N.D.Cal. Mar. 31, 2011).

21           In regard to the amount in controversy, the property at issue and its value can only be the

22   object of the litigation if the purpose of the lawsuit is to enjoin a bank from selling or transferring

23

24   diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity
     case in federal court against multiple defendants, each plaintiff must be diverse from each

25   defendant.  That compliance with the diversity statute, including its complete diversity
     requirement, is the sine qua non of diversity jurisdiction which was made clear in Newman–

26   Green, Inc. v. Alfonzo–Larrain, 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989).  In a case
     involving claims against multiple defendants, "the plaintiff must meet the requirements of the

27   diversity statute for each defendant.  Id. at 829."  Lee v. American National Insurance Company,
     260 F.3d 997, 1004–1005 (9th Cir.2001) (fn. and citations omitted).

28

1  the property, such as in actions for declaratory or injunctive relief.  <u>Reyes v. Wells Fargo Bank,</u>

2  <u>N.A.,</u> 2010 WL 2629785, *4 (N.D. Cal. June 29, 2010).  Here, the foreclosure has already

3  occurred.  <u>See</u> Order, filed April 9, 2015 (ECF No. 15 at 3.)  The amended complaint seeks only

4  damages.  (ECF No. 9 at 5.)  For a claim of unfair business practices, plaintiffs must allege

5  damages separately from the value of their property.  Courts have found that when a plaintiff does

6  not seek to rescind the loan at issue or prevent foreclosure, but instead seeks damages in an

7  unspecified amount under claims such as breach of fiduciary duty, negligence, negligent

8  misrepresentation, intentional misrepresentation, fraud, and violation of California Business and

9  Professions Code section 17200, the amount in controversy is "not properly gauged by the loan

10  amount."  <u>See</u> <u>Gaspar v. Wachovia Bank</u>, 2011 WL 577416, at *4 (N.D.Cal. Feb.9, 2011); <u>see</u>

11  <u>also</u> <u>Baskin v. Wells Fargo Bank, N.A.</u>, 2011 WL 5369123 (N.D.Cal. Nov.7, 2011); <u>Landa v.</u>

12  <u>Flagstar Bank, FSB</u>, 2010 WL 2772629, at *2 (S.D.Cal. July 13, 2010).  Similarly, courts have

13  rejected using the appraised value of the property as a measure of the amount in controversy

14  when Plaintiffs' action is "essentially a common law fraud action rather than a typical mortgage

15  foreclosure action."  <u>Landa</u>, 2010 WL 2772629 (S.D.Cal. July 13, 2010).

16          Although a diversity suit should not be dismissed unless "it is apparent, to a legal

17  certainty, that the plaintiff cannot recover [the requisite amount in controversy]."  <u>St. Paul</u>

18  <u>Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 289, 58 S.Ct. 586, 590 (1938), "this liberal

19  standard for jurisdictional pleading is not a license for conjecture."  <u>Morrison v. Allstate Indem.</u>

20  <u>Co.</u>, 228 F.3d 1255, 1268 (11th Cir. 2000).  Furthermore, in private actions, California's unfair

21  business practices law does not expressly provide for attorney's fees, and plaintiffs who prevail

22  are generally limited to injunctive relief and restitution, not damages.  <u>Cel–Tech</u>

23  <u>Communications, Inc. v. Los Angeles Cellular Tel. Co.</u>, 20 Cal.4th 163, 179, 83 Cal.Rptr.2d 548

24  (1999).

25          Plaintiffs are advised that in their second amended complaint, they must allege that each

26  defendant is diverse in accordance with the outline provided above, and must allege an amount in

27  controversy exceeding $75,000, in light of the authority provided.

28  / / /

8

1   VI.  <u>Motion to Change Venue</u>

2          Plaintiffs have filed a motion to change venue and remand the case back to the Northern

3   District of California, whence it came.  Plaintiffs claim that they have experienced "bias and

4   prejudice" in this district based on their status as pro se litigants.  These claims are conclusory

5   and vague, referring only to plaintiffs' lack of "confidence in the Court and Legal system in the

6   area and in this District of Sacramento."  (ECF No. 20 at 2.)  Because plaintiffs' action was

7   properly transferred to this district from the Northern District, it shall remain here, where venue is

8   proper.  <u>See</u> 28 U.S.C. § 1391, Order filed February 3, 2015 (ECF No. 5.)  Plaintiffs' motion is

9   denied.

10  VII.  <u>Conclusion</u>

11         Accordingly, IT IS ORDERED that:

12         1.  The findings and recommendations portion of this court's opinion filed April 20, 2015

13  (ECF No. 17), is vacated; the order portion of the opinion remains in full force and effect;

14         2.  Plaintiff Smith's request for leave to proceed in forma pauperis (ECF No. 19) is

15  granted;

16         3.  Plaintiffs' motion to change venue (ECF No. 20) is denied;

17         4.  Plaintiff's claims under the FDCPA (15 U.S.C. § 1692d), and 18 U.S.C. § 1028(A)(5)

18  (forgery), and § 641 (grand larceny) are dismissed for the reasons discussed above, with leave to

19  file a second amended complaint within **twenty-eight (28)** days from the date of service of this

20  Order.  If plaintiffs include these federal claims in their second amended complaint, the court will

21  recommend that they be dismissed.  The second amended complaint must comply with the

22  requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second

23  amended complaint must bear the docket number assigned this case and must be labeled "Second

24  Amended Complaint;" plaintiffs must file an original and two copies of the second amended

25  complaint; failure to file a second amended complaint will result in a recommendation that this

26  action be dismissed; and

27  / / /

28  / / /

9

5.  Plaintiffs are prohibited from filing any other documents with the court unless ordered to do so, and any such filings will be disregarded.

Dated:

        May 11, 2015                    /s/ Gregory G. Hollows

                                    UNITED STATES MAGISTRATE JUDGE

GGH:076/Murphy0725.2AM

10